Lonnie AYERS and Virginia Ayers Plaintiffs–Appellees,

v.

Todd DAVIDSON, Individually, and in his capacity as a police officer employed by the City of Morristown; City of Morristown, Tennessee,

and

Mark Snowden, Individually, and in his capacity as an officer employed by Hamblen County Tennessee; Hamblen County, Tennessee Defendants–Appellants.

Nos. 03–6095, 03–6096.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

William L. Jenkins, Jr., Wilkerson, Gauldin, Hayes & Jenkins, Dyersburg, TN, for Plaintiffs–Appellees.

Robert H. Watson, Jr., Benjamin K. Lauderback, Watson & Hollow, Gary M.

Prince, O'Neill, Parker & Williamson, Knoxville, TN, for Defendants–Appellants.

Before: GILMAN and KRUPANSKY, Circuit Judges; and RUSSELL, District Judge.[*]

RUSSELL, District Judge.

Defendants Mark Snowden and Todd Davidson appeal the district court's order denying qualified immunity on the Plaintiffs' claim that defendants testified falsely before the grand jury. The Defendants moved for summary judgment based on qualified immunity. The district court denied the Defendants' motion for summary judgment.

## BACKGROUND

Officers Mark Snowden and Todd Davidson ("Officers") caused a confidential informant to buy controlled substances from a man known as "Rick" living in a mobile home park at 575 Bellwood Road, Morristown, Tennessee on March 19, April 27, and April 30, 2001. At one point the Officers had Lot 8 under surveillance. A man named Rick Johnson lived at Lot 8. The confidential informant was confused about whether she went to Lot 8 or Lot 9 for the first buy, and she told the Officers that a van parked near Lot 8 belonged to the drug dealer "Rick." The Officers discovered that the van belonged to Lonnie R. Ayers in Lot 9. As part of the Officers' investigations, audiotapes of a drug buy were made and the voices of a lady named "Denise" and her stepson "Brent" were on the audiotape. Mr. Ayers alleges that Denise is the wife or girlfriend of Rick Johnson in Lot 8.

On April 27, 2001, shortly before her second buy, the Officers showed a picture

* Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

of Mr. Ayers to the confidential informant. The confidential informant identified Mr. Ayers as her dealer. After her second buy, she again identified Mr. Ayers as her dealer. On April 30, 2001, the informant bought drugs for a third time from a drug dealer that she again identified as Mr. Ayers.

The officers "reasonably" believed and had reason to believe the informant was reliable. Previously, the confidential informant provided the police the names of nine or ten individuals who were drug dealers. Also, she had assisted in 11 or 12 cases involving five or six suspects. Further, the confidential informant had correctly identified suspects from photographs in other cases, and there were no other problems with the arrests and prosecutions of other suspects. Officer Davidson admitted that he did not tell the District Attorney about the conflict between Lot 8 and Lot 9 because he felt that the matter had been resolved when the "reliable" informant had identified Lonnie R. Ayers as her dealer.

Officer Snowden was the only witness against Mr. Ayers to testify before the grand jury. The grand jury returned an indictment against Mr. Ayers and he was arrested and detained. The District Attorney dismissed the charges by *nolle prosequi* after discovering that there had been problems identifying Mr. Ayers.

## ANALYSIS

The district court found that the Officers had not shown that they were entitled to qualified immunity based on Ayers's arrest following an indictment and/or based upon their lack of participation in the actual arrest. The court also found that the Officers were not entitled to qualified immunity because there was an issue of material fact as to their involvement in making material omissions in the evidence used to establish probable cause for the indictment and these omissions could constitute a reckless disregard for the truth.

We do not have jurisdiction over an interlocutory appeal from a denial of qualified immunity when the denial is based on the existence of a genuine issue of material fact in dispute. *Johnson v. Jones*, 515 U.S. 304, 319–320, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). See also *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir.1999). Both officers admit that the facts are not in dispute. Because a factual dispute as to qualified immunity would entitle the Ayerses to dismissal of the Officers' appeal, we will examine the merits of this case using the facts submitted by Mr. Ayers as undisputed facts. *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 531, n. 3 (6th Cir.2002) (noting we have jurisdiction to hear the case when the defendants claim the facts are not in dispute and accept plaintiff's facts.).

To determine if an officer is entitled to qualified immunity, we must follow a two step analysis. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, the facts must show that the officer violated a constitutional right. *Id.* Second, the right must be clearly established so that a reasonable officer would understand that what he is doing violates that right. *Id.* at 201–02. The officers are entitled to qualified immunity if a reasonable officer could have believed that the arrest is lawful in light of the information that the officer had and clearly established law. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

"An investigator may be held liable under § 1983 for making material false statements either knowingly or in reckless disregard for the truth to establish probable cause for an arrest." *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir.2003) (citing *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir.1999)). "To overcome an officer's entitlement to qualified immunity, however, a plaintiff must establish: (1) a substantial showing that the defendant stated a deliberate falsehood or showed reckless disregard for the truth and (2) that the allegedly false or omitted information was material to the finding of probable cause." *Vakilian*, 335 F.3d at 517. In this case, only Officer Snowden testified before the grand jury. Officer Davidson gave no information to the grand jury to establish probable cause for an indictment and subsequent arrest of Mr. Ayers nor did he arrest Mr. Ayers. Because Officer Davidson did not arrest Mr. Ayers or testify against him, he has not violated any of Mr. Ayers's rights. In the absence of a constitutional violation, there is no cause of action against Officer Davidson.

Officer Snowden presumably testified that the confidential informant identified Mr. Ayers as the drug dealer that supplied her with drugs.[1] "A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest," unless, at the time of the arrest, the officer had reason to believe that the eyewitness was lying, gave an inaccurate description, or mistaken. *Ahlers*, 188 F.3d at 370. Before the second buy on April 27, 2001, however, the confidential informant identified Mr. Ayers as her dealer from his driver's license photograph. After that, she went back and again told the Officers

that she bought drugs from Mr. Ayers. Three days later, she went back to the mobile home park and bought drugs. Again, she told the Officers that she bought drugs from Mr. Ayers. From this, a reasonable officer could conclude that a previously reliable informant had once again given reliable information. Further, this situation is different from the typical eyewitness identification where the eyewitness is under stress from being a crime victim and only sees the accused once or very briefly. Here, the eyewitness is an informant who knows that she is going to be a participant in a crime and will be asked to identify the accused. Moreover, she had two opportunities to confirm her identification of Mr. Ayers by buying drugs twice more after she first identified Mr. Ayers.

In the context of qualified immunity and probable case, the Second Circuit examined whether there would be probable cause even if the omitted information had been disclosed. *Smith v. Edwards*, 175 F.3d 99, 106 (2d Cir.1999) (holding that even if the omitted information had been included, it would not have been material to the finding of probable cause). Here the omitted information consists primarily of three facts: the confidential informant was not sure whether she had gone to the trailer in Lot 8 or Lot 9 for the first buy, the police knew the dealer went by the name of "Rick" but did not know if Mr. Ayers middle initial "R." stood for Rick, and Denise and Brent were on a surveillance tape. In the complaint, Mr. Ayers alleges that "the tape recorded drug transaction referenced Rick Johnson and his wife, Denise and her child." In Mr. Ayers's response to motion for summary judgment, he states "the suspect they pur-

---

1. The grand jury testimony was not included in the joint appendix. However, this appears to be what Mr. Ayers is arguing.

sued had an association with a wife or girlfriend named Denise and a stepson named Brent." Further, Mr. Ayers mentions in his appellate brief that the audio tape identified "Denise" and "Brent" as the dealer's wife and stepson. However, Mr. Ayers cites to Officer Davidson's deposition as proof of this statement, and the depositions states as follows:

Q. And it would be a pretty simple proposition to figure out if the person the tapes, the three audio tapes, if that voice matches with Lonnie Ayers' voice or not, that would be pretty easy to—
A. No, it would not be easy. There's multiple voices on some of those tapes, multiple male voices. It would not be easy, no, it would not.
Q. All right. And would you agree that just a cursory examination of the transcripts of the tape shows that there's a lady named Denise involved and her stepson, Brent?
A. Yes.
Q. And there's nobody in the Lonnie Ayers's household with a girlfriend named Denise and a stepson. Brent, would you agree with that?
A. I don't know. I don't know who is in the Lonnie Ayers' house, so I don't know.

The evidence submitted by Mr. Ayers shows only that Denise and Brent were present and he has submitted no evidence to show that Denise is in fact the wife or girlfriend of Rick Johnson. Further, none of these facts directly show that Mr. Ayers was not the dealer. The facts merely show that the police could have investigated further. "This Court recognizes that an officer does not have to investigate independently every claim of innocence. But, this axiom does not suggest that an officer has no duty to investigate an alleged crime before making an arrest." *Gardenhire v. Schubert,*

205 F.3d 303, 318 (6th Cir.2000). "[T]he officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest." *Id.*

Finally, Officer Snowden did not give false or misleading testimony even if he told the grand jury nothing more than that the confidential informant identified Mr. Ayers as the drug dealer. The confidential informant did in fact identify Mr. Ayers as the drug dealer. The fact that she may have been mistaken about where Mr. Ayers lived does not change the fact that she identified him from his picture, and that she did not change her identification of Mr. Ayers even after two more drug buys.

## CONCLUSION

Officer Davidson did not testify before the grand jury. Therefore, the claims against him should be dismissed. Officer Snowden is entitled to qualified immunity. The decision of the district court is **RE-VERSED** and the case **REMANDED** with instructions to dismiss the complaint.

RONALD LEE GILMAN, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's conclusion that Officer Todd Davidson is entitled to qualified immunity on the ground that he neither testified before the grand jury nor participated in Ayers's arrest. But I disagree with the majority's decision to reverse the judgment of the district court with respect to Officer Mark Snowden. I believe that a genuine issue of material fact exists as to whether Officer Snowden showed a reckless disregard for the truth when he testified before the grand jury.

The question before us is not whether *we* would find that Officer Snowden acted with reckless disregard for the truth, but rather whether *no reasonable juror* could find that he did. As the district court noted, there were a number of omissions in the evidence used to establish probable cause for the indictment. For example, the known conflict in the evidence as to whether the buys were made at Lot 8 or Lot 9 was not disclosed, the assumption that Lot 9 resident Lonnie R. Ayers's middle initial stood for "Rick" was not confirmed, the occupant of the address listed on the surveillance log of the drug buy on March 19, 2001 (Rick Johnson, Lot 8) was not investigated, and the references to Rick Johnson's wife Denise and her stepson Brent on the audio recording were not explained. The "reliable" informant, moreover, identified Ayers as the dealer upon being shown only a single driver's license photograph (of Ayers) rather than an array.

I acknowledge that the two subsequent drug purchases from "Rick" by the confidential informant make more questionable the issue of whether a reasonable juror could find that Officer Snowden showed a reckless disregard for the truth when he testified before the grand jury. Nevertheless, in light of the collective omissions discussed above, I believe that a genuine issue of material fact exists as to whether Officer Snowden showed such reckless disregard. I would therefore affirm the judgment of the district court as it pertains to Officer Snowden.